**UNITED STATES of America, Gary O. Booth, Richard D. Roller, and Barbara A. Shandony, Appellees,**

v.

**Douglas M. HART, Appellant.**

No. 82–2046.

United States Court of Appeals, Eighth Circuit.

Submitted March 3, 1983.

Decided March 10, 1983.

Rehearing Denied May 25, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, Joan I. Oppenheimer, Tax Div., Dept. of Justice, Washington, D.C., for appellees; Rodney S. Webb, U.S. Atty., of counsel.

Douglas M. Hart, pro se.

**750**

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

The United States and three employees of the Internal Revenue Service brought this action for declaratory and injunctive relief against the defendant Douglas M. Hart. Booth is District Director of the Internal Revenue Service for the North Dakota District, Roller is a group manager, and Shandony is an examination and revenue agent. Roller assigned Shandony to audit the income-tax returns of the defendant Hart, who lives in West Fargo, North Dakota.

After the audit was completed, Hart filed in the office of the Register of Deeds for Richland County, North Dakota, documents styled "Common-law Liens," describing certain real property owned by the individual plaintiffs. Later, Hart filed in the office of the Register of Deeds of Cass County, North Dakota, a document styled "Sheriff's Posse Comitatus Common-law Great Charter," a writing purporting to state that the federal, state, county, and city governments are acting unconstitutionally, that the signers of the writing, including Hart, have a duty to protect and defend the Constitution of the United States and of North Dakota, that the signers have established a posse comitatus for the purpose of maintaining a republican form of government, and that the signers will be armed and have the lawful right to arrest without a warrant.

After a hearing, the District Court, 545 F.Supp 470,[1] held that the "Common-law Liens" and "Sheriff's Posse Comitatus Common-law Great Charter" are void and of no legal effect. It also enjoined Hart and all others in active concert with him from making arrests of or otherwise attempting to molest, hinder, or impede plaintiffs in the performance of their official duties.

Hart appeals to this Court. The principal argument presented in his brief is that the District Court lacked jurisdiction.

The inferior federal courts, appellant asserts, have no "civil jurisdiction over a sovereign citizen." Brief for Appellant, p. 4. We disagree. Several valid Acts of Congress confer jurisdiction on the District Court over this case, as its Memorandum Opinion, filed August 17, 1982, correctly states. For example, 26 U.S.C. § 7402(a) gives the District Court jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the Internal Revenue laws." See also 28 U.S.C. §§ 1340, 1345, 1357.

The judgment is affirmed.

This appeal is frivolous. The Court on its own motion imposes upon the appellant personally double the costs of appellees, plus a reasonable attorneys' fee to be fixed by the Court after appropriate submission by appellees as to fees and costs incurred by them within 15 days of the filing of this opinion.

Let the mandate issue forthwith.

It is so ordered.

---

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.