UNITED STATES of America,
Plaintiff-Appellee,

v.

Jean EKBLAD, Defendant-Appellant.

No. 83–2487.

United States Court of Appeals,
Seventh Circuit.

Argued March 1, 1984.

Decided March 2, 1984.*

Opinion April 20, 1984.

* This appeal was originally decided by an unpublished order on March 2, 1984 pursuant to Circuit Rule 35. The court has subsequently decided to issue that decision as an opinion.

Jean Ekblad, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Garry R. Allen and Melvin E. Clark, Jr., Philip I. Brennan, Washington, D.C., for U.S.

Before CUMMINGS, Chief Judge, and BAUER and FLAUM, Circuit Judges.

PER CURIAM.

Appellant filed with the Register of Deeds of Barron County, Wisconsin, a so-called common-law lien against the property of Fred Laakso, an employee of the Internal Revenue Service who had been assigned to collect delinquent taxes from appellant. The United States brought this action requesting the district court to (1) declare the common-law lien to be null, void and of no legal effect; (2) direct all such instruments be expunged from the public record and permanently enjoin the Register of Deeds from accepting or recording such instruments in the future; and (3) enjoin permanently appellant from filing any common-law lien against the property of any officer or employee of the United States, and from otherwise acting or attempting to act in any other manner to interfere or impede such persons in the performance of their official duties. The district court denied appellant's motion to dismiss the complaint for failure to state a claim and for lack of jurisdiction and granted the government's request for a preliminary injunction enjoining appellant during the pendency of the suit from preparing, publishing, or filing any instrument or document purporting to encumber any property of an officer or employee of the United States, and enjoining the Register of Deeds from accepting any such documents from appellant. Appellant then filed several motions, including

a motion for reconsideration of the order granting the preliminary injunction. The district court denied them as frivolous, and this appeal followed. We have jurisdiction over the appeal only to the extent that it challenges the district court's refusal to dissolve the preliminary injunction. 28 U.S.C. § 1292(a).

Appellant challenges the injunction on the grounds that the district court lacked subject matter jurisdiction as well as jurisdiction over her person and that the United States does not have standing to bring this action. Each of these arguments is wholly frivolous. Congress has vested in the district court jurisdiction over "any case commenced by the United States", 28 U.S.C. § 1345, and specifically "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the Internal Revenue laws", 26 U.S.C. § 7402(a). The United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions. *See, e.g. Island Airlines, Inc. v. CAB,* 352 F.2d 735, 744 (9th Cir.1965). Appellant's argument that there is no personal jurisdiction because the Secretary of the Treasury did not acquire jurisdiction over her person is meritless. This is a district court proceeding, not an administrative proceeding. There is no indication that appellant was not properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

The government requests double costs and attorneys' fees pursuant to Rule 38, Fed.R.App.Pro., and cites in support of its position *United States v. Hart,* 701 F.2d 749 (8th Cir.1983). In that case, where the factual situation was virtually identical to that of the present case, the Eighth Circuit rejected appellant's jurisdictional argument as frivolous and, on its own motion, imposed double costs and attorneys' fees. The *Hart* case was cited to appellant here in support of the government's motion for summary judgment below. She nevertheless persisted in bringing this appeal. Accordingly, we award the government dou-

ble costs and reasonable attorneys' fees to be determined by the district court.

JUDGMENT AFFIRMED.