21 F.3d 1122
 73 A.F.T.R.2d 94-1656
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenny F. MOORE, Defendant-Appellant.
 No. 93-5233.
 United States Court of Appeals, Tenth Circuit.
 March 24, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Kenny F. Moore, appearing pro se, appeals from the district court judgment permanently enjoining Moore, his officers, agents, servants, employees, attorneys and those persons in active concert or participation with them from filing any additional liens of any nature or similar documents such as the "UCC-4 Non-Negotiable 'True Bill' Private Agreements" filed by Moore against Kyle Dameron and Jeff Crook and Tina Crook, which the court declared to be invalid and null and void. The court enjoined such filings "... or from filing any other frivolous or vexatious pleadings or other documents of any nature whose purpose is to frustrate and intimidate the Internal Revenue Service or its employees in carrying out their lawful activities." (R., Vol. I, Tab 10, p. 2).
 
 
 3
 Following a hearing before the district court on a Motion for Preliminary Injunction filed by the United States of America, the court entered "Findings of Fact" and "Conclusions of Law." (R., Vol. I, Tab 9).
 
 
 4
 Kyle Dameron and Jeff Crook, employees of the Internal Revenue Service (IRS) contacted Moore in their official capacities in efforts to collect unpaid federal taxes from him and to secure delinquent tax returns. In retaliation, Moore filed the so-called lien documents entitled "UCC-4 Non-Negotiable 'True Bill' Private Agreement" with the Tulsa, Oklahoma, County Clerk against the assets of Dameron and the Crooks, claiming that they had damaged him in amount of $7 million by seizing his real and personal property for federal income tax liabilities that had been outstanding for some six years. In addition, Moore sent Dameron and the Crooks, via the United States mail system, documents captioned "Citizens' Warrant for Citizens Arrest."
 
 
 5
 The district court found, and we agree, that Moore filed the aforesaid documents for the purpose of intimidation and harassment and without justifiable basis, factual or legal, and that Moore's actions were vexatious and intended solely to interfere with the lawful collection of unpaid taxes. The court balanced the equities in the matter, finding that the United States is suffering irreparable harm and granted a permanent injunction pursuant to 26 U.S.C. 7402(a) of the Internal Revenue Code. The court cited United States v. Ekblad, 732 F.2d 562 (7th Cir.1984) and United States v. Hart, 701 F.2d 749 (8th Cir.1983) for its authority to enjoin a taxpayer from filing frivolous liens against IRS employees. The court permanently enjoined Moore pursuant to Fed.R.Civ.P. 65(d).
 
 
 6
 On appeal, Moore argues that "... the IRS lacks jurisdiction in this case and had proceeded administratively against the Sovereign Appellant without due process of law." (Appellant's Opening Brief, p. 2). The basis for that contention, says Moore, is that there is no "contract" granting jurisdiction because:
 
 
 7
 ... Appellant stated in his oath that "I, Kenny F. Moore, a Citizen for the Oklahoma Republic hereby take an oath of Allegiance to the Oklahoma Republic" and in his affidavit he stated that he did "... not waive nor have I in the past nor shall I in the future waive any of my rights arising from natural law and protected by the supreme laws of this republic ..."
 
 
 8
 Id.
 
 
 9
 Moore argues that (1) no contract was presented establishing the liability of the tax, (2) as per 26 U.S.C. 862, income subject to taxation is income from within the U.S. and income from without the U.S. is not taxable, (3) he is a "nonresident" of the "U.S." as those terms are defined at 26 U.S.C. 865(g)(B) and 7701(a)(9), and (4) reservation of rights under UCC 1.207 was denied him in this case. Moore also argues that the filing of the liens was his recourse under the common law. Basically, Moore's challenge to the district court's order is that he is a citizen of Oklahoma and the federal income tax does not apply to him. This contention is frivolous. See United States v. Dawes, 874 F.2d 746, 750-51 (10th Cir.), cert. denied, 493 U.S. 920 (1989), overruled on other grounds, 895 F.2d 1581 (10th Cir.1990). Federal income taxes apply to every resident United States citizen. See United States v. Collins, 920 F.2d 619, 629 (10th Cir.1990), cert. denied, 111 S.Ct. 2022 (1991).
 
 
 10
 The United States requests that we impose sanctions against appellant Moore for filing a frivolous appeal. In Casper v. C.I.R., 805 F.2d 902, 906 (10th Cir.1986), we adopted a rule awarding a flat fee of $1,500 as a sanction for a frivolous appeal from a tax court decision. The same rule logically applies here.
 
 
 11
 We AFFIRM the judgment of the district court and we hereby impose a sanction of $1,500 against appellant Moore for bringing this frivolous appeal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470