**UNITED STATES of America, Plaintiff,**

**v.**

**Robert C. MacELVAIN, Defendant.**

**Civ. A. No. 94–T–117–N.**

United States District Court, M.D. Alabama, Northern Division.

April 22, 1994.

Kenneth E. Vines, Charles Redding Pitt, U.S. Attorney's Office, Montgomery, AL, Carol Koehler Ide, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

Robert C. MacElvain, pro se.

## MEMORANDUM OPINION

MYRON H. THOMPSON, Chief Judge.

In this lawsuit, plaintiff United States of America claims that defendant Robert C. MacElvain has illegally interfered with the administration of the federal internal revenue laws by filing false "common-law liens," "complaints," and "commercial notices," against an employee of the Internal Revenue Service (IRS) and against several contractors with the IRS. The United States seeks injunctive and declaratory relief.[1] Based on the evidence presented at a trial on April 11,

---

1. The government requested both a preliminary and permanent injunction. By order entered on February 10, 1994, the court combined both requests for trial on the government's request for a permanent injunction.

1994, the court finds in favor of the government and against MacElvain.

## I. FINDINGS OF FACT

1. On the following dates, the Secretary of the Treasury made assessments against MacElvain for income tax, interest, and statutory additions in the following amounts for the following years:

| Year | Assessment Date | Assessed Amount |
|------|-----------------|-----------------|
| 1980 | 3/21/86 | $367,664.85 |
| 1981 | 11/22/89 | $662,418.04 |
| 1982 | 7/29/91 | $133,382.33 |
| 1983 | 5/13/91 | $620,335.47 |
| 1984 | 12/12/91 | $ 66,680.99 |
| 1985 | 12/12/91 | $205,340.81 |
| 1986 | 12/12/91 | $ 94,488.33 |

MacElvain's total assessed tax liability for these years is $2,150,310.82, plus additional interest and statutory amounts as allowed by law.

2. MacElvain has refused and neglected to pay these liabilities after notice and demand for their payment. MacElvain's wife is also indebted to the United States for unpaid federal income taxes, interest, and statutory additions.

3. Notices of federal tax lien securing payment of MacElvain's federal income tax liabilities were filed in the public records of Barbour County, Alabama, on the following dates: June 20, 1986; June 4, 1991; July 26, 1991; September 11, 1991; February 19, 1992; April 8, 1992; and November 17, 1992.

4. On May 7, 1992, IRS Revenue Officer Frances M. Keith was assigned to collect the MacElvains' unpaid federal tax liabilities. She verified through IRS records that the tax liabilities had been assessed and that notices of intent to levy—that is, final notices—had been mailed to MacElvain. On May 8, 1992, Keith mailed to MacElvain by certified mail another final notice enumerating his federal tax liabilities for the years 1976 and 1980–1986 and demanding payment of the liabilities.

5. On May 9, 1992, in response to the final notice, MacElvain advised Keith that he would settle his tax liabilities upon receipt of a proper bill. On May 14, 1992, Keith mailed to MacElvain by certified mail a letter enumerating his federal tax liabilities, with inter-

est. MacElvain acknowledged receipt of the letter on May 23, 1992, and refused to pay the bill. By letter dated June 6, 1992, MacElvain again refused to pay his federal tax liabilities, alleged that Keith was in breach of their so-called contract, and claimed a right of setoff.

6. In June 1992, Keith issued collection summonses to MacElvain and his wife. They, however, refused to provide the required financial data, and, on January 6, 1993, this court enforced the IRS issued collection summonses. *United States v. MacElvain,* Civil Action No. 92–T–1407–N, 1993 WL 328333 (M.D.Ala.).

7. On January 20, 1993, this court entered orders authorizing entry on the MacElvain's residence in Eufaula, Alabama, to effect levy. *In the Matter of the Tax Indebtedness of Lynne M. MacElvain,* Misc. No. 1823 (M.D.Ala.); *In the Matter of the Tax Indebtedness of Robert C. MacElvain,* Misc. No. 1824 (M.D.Ala.).

8. On January 21, 1993, the IRS seized the MacElvains' residence and property. Present at the seizure were the following persons: Keith and other IRS officials; Ivey Gilmore, owner of Gilmore Body Shop, Inc., who towed and stored a seized vehicle; H. Paul Thames, an antiques appraiser and owner of Herron House Antiques; four employees of AAA Associates Moving and Storage, owned by Johnny R. Swanner, who moved and stored the seized personalty; and Ules R. Guinn, a locksmith. The IRS had entered into contracts with Gilmore, Thames, Swanner, and Guinn to assist in the collection of the MacElvains' federal tax liabilities.

9. Keith, Gilmore, Thames, Swanner, and Guinn did not have any financial, business, or personal relationship with MacElvain other than in connection with collection of his and his wife's federal tax liabilities.

10. The IRS did not contract with Charlie Hill, the late Grace R. Swanner, or Swanner Transfer and Storage, Inc., in connection with collection of the MacElvains' federal tax liabilities.

11. During the seizure, the IRS located documents indicating that the MacElvains had other property or assets subject to col-

lection or seizure. On January 22, 1993, this court issued an administrative search warrant permitting seizure of these documents. *In the Matter of the Search of the Premises Located at 725 North Randolph Avenue, Eufaula, Alabama,* Misc. No. 1825 (M.D.Ala.). The documents were returned to MacElvain.

12. On February 19 and November 10, 1993, the IRS sold property seized from the MacElvains. On April 26, 1993, MacElvain filed an action challenging the February sale. *MacElvain v. United States of America,* Civil Action No. 93–T–542–N (M.D.Ala.). On November 8, 1993, MacElvain filed a motion seeking to have the court enjoin the November 10, 1993, sale as well, but the motion was denied. Civil Action No. 93–T–542–N is still pending before the court.

13. On September 29, 1993, MacElvain filed a "Notice of Lien and Claim of Lien" in the office of the Judge of Probate, Montgomery County, Alabama, against all property and rights to property of the following individuals and entities:

    (a) Frances M. Keith;

    (b) Ivey Gilmore and Gilmore Body Shop, Inc.;

    (c) H. Paul Thames and Herron House Antiques;

    (d) Charlie Hill, Grace R. Swanner, and Swanner Transfer and Storage, Inc.;

    (e) John R. Swanner and AAA Associates Moving Company;

    (f) U.R. Guinn, also known as Ules R. Guinn; and

    (g) John Does 1–8.

14. On October 1, 1993, MacElvain filed a "Notice of Lien and Claim of Lien" in the office of the Judge of Probate, Barbour County, Alabama, against all property and rights to property belonging to or claimed by Ivey Gilmore, doing business as Gilmore Body Shop, Inc.

15. On October 1, 1993, MacElvain filed a "Notice of Lien and Claim of Lien" in the Office of the Judge of Probate, Barbour County, Alabama, against all property and rights to property belonging to or claimed by Ules R. Guinn.

16. On October 1, 1993, MacElvain filed a "Criminal Complaint, Affidavit and Brief of Information" against Frances M. Keith, Ivey Gilmore, H. Paul Thames, U.R. Guinn, John R. Swanner and John and Jane Does 1–10 with the Clerk of the United States District Court for the Middle District of Alabama, and mailed a copy of the document, with attached "Notice of Lien and Claim of Lien," to the named individuals.

17. On November 7, 8, and 9, 1993, MacElvain caused to be published in the *Montgomery Advertiser* an "Affidavit of Commercial Notice," warning that anyone who purchased his or his wife's property at the impending IRS sale would be subject to civil and criminal penalties for the purchase of stolen property.

18. MacElvain admitted to filing and publishing all of the "common-law liens," "complaints," and "commercial notices" listed above.

19. MacElvain contracted federal, state, and local law enforcement authorities in an attempt to have Keith and Gilmore arrested.

20. MacElvain mailed to IRS Revenue Officer William R. Revere a similar "Notice of Lien and Claim of Lien" and has threatened to file this common-law lien in the public records.

21. MacElvain's filing of the common-liens, complaints, and commercial notices listed above caused financial and personal distress and damage to Keith and the contract employees involved in the collection of the MacElvains' federal tax liabilities.

22. On March 9, 1994, a jury convicted MacElvain of five counts of corruptly endeavoring to obstruct or impede the due administration of the internal revenue laws by filing the following: a "Notice of Lien and Claim of Lien" in Barbour and Montgomery Counties, Alabama, against all property and rights to property of Ivey Gilmore and Gilmore Body Shop, Inc.; a "Notice of Lien and Claim of Lien" in Montgomery County, Alabama, against all property and rights to property of John R. Swanner and Johnny R. Swanner, doing business as AAA Associates Moving and Storage, and H. Paul Thames and H. Paul Thames, doing business as Herron

House Antiques; and "Notice of Lien and Claim of Lien" in Barbour County, Alabama, against all property and rights to property of Ules R. Guinn. *United States of America v. MacElvain,* Criminal No. 93–317–N (M.D.Ala.).

23. No court has authorized MacElvain to file any of the common-law liens, complaints, and commercial notices listed above.

24. MacElvain prepared and filed these documents against IRS officials and contract employees intentionally and for the purpose of harassing and intimidating them and retaliating against them for the lawful performance of their official duties. His actions have interfered with the enforcement of the internal revenue laws of the United States and have hindered and impeded officials and contract employees of the United States in their official duties.

25. By letter dated October 27, 1993, a delegate of the Secretary of the Treasury authorized and requested the Department of Justice to initiate this civil action. On February 2, 1994, the Justice Department filed this lawsuit.

## II. CONCLUSIONS OF LAW

1. This lawsuit was properly brought under the direction of a delegate of the Attorney General, upon the request and authorization of the Regional Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States of America, in accordance with 26 U.S.C.A. § 7401. This authority may be delegated to the chiefs of the civil trial sections of the Department of Justice, Tax Division, as explained in *United States v. Nuttall,* 713 F.Supp. 132, 136–37 (D.Del.1989), *aff'd,* 893 F.2d 1332 (3rd Cir.1989) (table).

2. The court has jurisdiction over this action pursuant to 26 U.S.C.A. § 7402 and 28 U.S.C.A. §§ 1340, 1345. *Ryan v. Bilby,* 764 F.2d 1325, 1327 (9th Cir.1985); *United States v. Ekblad,* 732 F.2d 562, 563 (7th Cir.1984) (per curiam). Venue is proper. 28 U.S.C.A. §§ 1391(b), 1396.

3. Statutory liens for taxes arose against MacElvain's property and rights to property upon assessment of his tax liabilities. 26

U.S.C.A. §§ 6321–6322. Notice of these liens has been filed in the public records in accordance with 26 U.S.C.A. § 6323(f), (g).

■ 4. Like any taxpayer, MacElvain has several remedies available to challenge either the merits of his federal tax liabilities or IRS collection actions, including filing a suit for refund of taxes paid, filing suit to obtain damages for failure to release a lien or for unauthorized collection action, and seeking review of a proposed assessment in the United States Tax Court. 26 U.S.C.A. §§ 6213, 7422, 7432, 7433.

■ 5. MacElvain failed to take advantage of any of the statutory remedies and, instead, resorted to what he calls "self-help," namely, filing "common-law liens," "complaints," and "commercial notices"—"Notices of Lien and Claim of Lien," "Criminal Complaint, Affidavit and Brief of Information," and "Affidavit of Commercial Notice"—against an IRS official and contract employees in their personal capacities.

6. This Court condemns such self-help. It is not authorized by law. There is no legal basis for filing these common-law liens, complaints, and commercial notices. Every court to consider the validity of these documents has found them to be without basis. *See, e.g., United States v. Reeves,* 782 F.2d 1323, 1326 (5th Cir.), *cert. denied,* 479 U.S. 837, 107 S.Ct. 136, 93 L.Ed.2d 79 (1986); *Ryan v. Bilby,* 764 F.2d 1325, 1327 (9th Cir.1985); *United States v. Ekblad,* 732 F.2d 562, 563 (7th Cir.1984) (per curiam); *United States v. Hart,* 701 F.2d 749 (8th Cir.1983) (per curiam); *Saenger v. Brown,* 88–2 USTC ¶ 9404, 1988 WL 184863 (D.Ore. May 3, 1988); *Peth v. Breitzmann,* 611 F.Supp. 50, 55 (E.D.Wis. 1985); *United States v. Shugarman,* 596 F.Supp. 186, 193 (E.D.Va.1984); *United States v. Van Dyke,* 568 F.Supp. 820, 822 (D.Ore.1983).

7. The filing of such frivolous documents imposes irreparable harm on the individuals and entities that are the victims of the liens. As one court has explained:

"[The subjects] are private individuals attempting to carry out their duties as employees of the federal government. [The taxpayers] have resorted to an extreme

form of tax protest that harasses [the subjects] in their personal lives. Titles to real estate have been clouded and ... assets have been encumbered without any legal basis."

*Saenger v. Brown*, 88–2 USTC at 85,035.

8. MacElvain's defenses to this action are without legal or factual support.

9. All common-law liens, complaints, and commercial notices MacElvain filed or caused to be filed against Revenue Officer Keith and the contract employees are null, void, and without effect.

10. It is also apparent to the court from MacElvain's past actions and from his actions at trial that his opposition to the efforts of the IRS has become an obsession and that he will again resort to illegal "self help"—in the forms at issue in this litigation as well as in new and other forms—to harass and retaliate against those IRS officials who, in the exercise of their legal duties, have had to take actions that he found objectionable. Keith has already been a victim of his "self help" efforts, and, in view of the testimony she gave against him at trial, is likely to be a victim again—unless this court specifically enjoins MacElvain from having any contact with her except at the offices of the IRS.

11. MacElvain has requested the return of his and his wife's property from the IRS. As this court previously ruled, such injunctive relief is barred by the Anti–Injunction Act, 26 U.S.C.A. § 7421(a). *MacElvain v. United States*, Civil Action No. 93–T–542–N (M.D.Ala. Nov. 17, 1993).

An appropriate judgment and injunction will be entered.[2]

**DONE.**

### *JUDGMENT AND FINAL INJUNCTION*

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That judgment is entered in favor of plaintiff United States of America and against defendant Robert C. MacElvain;

(2) That the following documents prepared by defendant MacElvain are DECLARED null, void, and without legal effect:

(A) The "Notice of Lien and Claim of Lien" filed with the Judge of Probate in and for Montgomery County, Alabama, on September 29, 1993, at Real Property Book 1395, Pages 953–1000, against Frances M. Keith; Ivey Gilmore and Gilmore Body Shop, Inc.; H. Paul Thames and Herron House Antiques; Charlie Hill, Grace R. Swanner, and Swanner Transfer and Storage, Inc.; John R. Swanner, a/k/a Johnny R. Swanner, and AAA Associates Moving Company, a/k/a AAA Associates Moving and Storage; U.R. Guinn, a/k/a Ules R. Guinn; and John Does 1–8;

(B) The "Notice of Lien and Claim of Lien" filed with the Judge of Probate in and for Barbour County, Alabama, on October 1, 1993, at Book 153, Page 817, against Ules R. Guinn, a/k/a U.R. Guinn;

(C) The "Notice of Lien and Claim of Lien" filed with the Judge of Probate in and for Barbour County, Alabama, on October 1, 1993, at Book 153, Page 818, against Ivey Gilmore, d/b/a Gilmore body Shop, Inc.;

(D) The "Criminal Complaint, Affidavit and Brief of Information" filed with the clerk of this court on October 1, 1993, against Frances M. Keith, Ivey Gilmore, H. Paul Thames, U.R. Guinn, John R. Swanner, and John and Jane Does 1–10;

(E) The "Affidavit of Commercial Notice" published in the *Montgomery Advertiser* on November 7, 8 and 9, 1993; and

(F) Any other "Notice of Lien and Claim of Lien," "Criminal Complaint, Affidavit and Brief of Information," "Affidavit of Commercial Notice" or other such common-law lien or other such document filed by defendant MacElvain in an unlawful attempt to interfere with the enforcement of the internal revenue laws of the United States;

(3) That defendant MacElvain is permanently ENJOINED and RESTRAINED

---

**2.** The government suggests that it is entitled to attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. Before the court will entertain a request for attorney's fees, the government must file a motion, with supporting brief, requesting such fees.

from publishing or filing or causing to be published or filed any "Notices of Lien and Claim of Lien," "Criminal Complaint, Affidavit and Brief of Information," "Affidavit of Commercial Notice" or other such common-law lien or other such document designed to encumber the property of, or cloud title to the property of, any official of the United States or contract employee of the United States as a means to harass, molest, interrupt, hinder or impede, or retaliate against, that person in the performance of his or her duties in the enforcement of the internal revenue laws of the United States;

(4) That, within 14 days of the entry of this order, defendant MacElvain shall disclose in writing to this court, with a copy to plaintiff United States, all "Notices of Lien and Claim of Lien," "Criminal Complaint, Affidavit and Brief of Information," "Affidavit of Commercial Notice" or other such common-law lien or other such document that he has published or filed or caused to be published or filed in order to attach or encumber or cloud title to the property of any official of the United States or contract employee of the United States;

■ (5) That defendant MacElvain, his officers, agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this injunction by personal service or otherwise, are each permanently ENJOINED and RESTRAINED from acting or attempting to act in any other manner to molest, interrupt, hinder or impede, or retaliate against, any official of the United States or contract employee of the United States in the performance of his or her duties in the enforcement of the internal revenue laws of the United States;

■ (6) That all "Notices of Lien and Claim of Lien," "Criminal Complaint, Affidavit and Brief of Information," "Affidavit of Commercial Notice" or other such common-law liens or other such documents filed or caused to be filed by defendant MacElvain that are designed to attach to, encumber or cloud title to the property of any official of the United States or contract employee of the United States as a means to molest, interrupt, hinder or impede, or retaliate

against, that person in the performance of his or her duties in the enforcement of the internal revenue laws of the United States, including but not limited to the "Notices of Lien and Claim of Lien," "Criminal Complaint, Affidavit and Brief of Information" or "Affidavit of Commercial Notice" identified herein, shall be expunged from the public records and that defendant MacElvain shall reimburse plaintiff United States for any costs associated with securing the expungement of said documents within 30 days of the date of the plaintiff United States makes demand for reimbursement; and

■ (7) That defendant MacElvain, his officers, agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this injunction by personal service or otherwise, are each permanently ENJOINED and RESTRAINED (A) from having any contact with Revenue Officer Frances M. Keith except at the offices of the Internal Revenue Service and (B) from entering on the real property owned or occupied by Revenue Officer Keith.

It is further ORDERED that the following files are part of the record in this case: *MacElvain v. United States,* Civil Action No. 93–T–542–N (M.D.Ala. Nov. 17, 1993); *United States of America v. MacElvain,* Criminal No. 93–317–N (M.D.Ala.); *United States v. MacElvain,* Civil Action No. 92–T–1407–N, 1993 WL 328333 (M.D.Ala.); *In the Matter of the Tax Indebtedness of Lynne M. MacElvain,* Misc. No. 1823 (M.D.Ala.); *In the matter of the Tax Indebtedness of Robert C. MacElvain,* Misc. No. 1824 (M.D.Ala.); *In the Matter of the Search of the Premises Located at 725 North Randolph Avenue, Eufaula, Alabama,* Misc. No. 1825 (M.D.Ala.).

It is further ORDERED that costs are taxed against defendant MacElvain, for which execution may issue.

It is further ORDERED that this court retains jurisdiction of this cause until further order.

It is further ORDERED that the United States Marshal or his representative shall personally serve on defendant MacElvain

and separately on his wife, Lynne M. MacElvain, a copy of the memorandum opinion and judgment and injunction issued this date.

The clerk of the court is DIRECTED to issue a writ of injunction.

DONE.