**Jimmie Dale POOLE, Plaintiff,**

v.

**Honorable Harold A. BAKER, J. William Roberts, Lawrence Beaumont, F. James Roytek, and Susan Silver, Defendants.**

No. 94–3233.

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 12, 1994.

Jimmie Dale Poole, pro se.

James A. Lewis, Asst. U.S. Atty., Springfield, IL, and F. James Roytek III, Mattoon, IL, for defendants.

## OPINION

RICHARD MILLS, District Judge:

Should a frivolous claim over which the Court lacks subject matter jurisdiction be transferred pursuant to 28 U.S.C. 1631?

No.

### I. *Background*

Jimmie Poole was convicted in 1991 of possessing a firearm after previously having been convicted of a felony. All of the Defendants here were connected with Poole's conviction in an official capacity—United States District Court Judge Harold A. Baker, Unit-

---

ed States Attorney J. William Roberts, Assistant United States Attorney Lawrence Beaumont, Defense Counsel F. James Roytek and United States Probation Officer Susan Silver.

A few years after his conviction, Poole filed a "Claim of Commercial Lien" against the Defendants in the Sangamon County, Illinois, Office of the County Recorder. The basis of the lien was a claim that the Defendants breached a "contract" when they participated in the case which led to Poole's conviction. Thereafter, Poole filed a Complaint, Case No. 94–L–407, in Sangamon County, Illinois, alleging that the Defendants did not respond to his lien. In the Complaint, Poole demands that he be released from prison and that the Defendants pay him $5,000,000.00. Defendants answered the Complaint by removing it to this Court and filing a Motion for Summary Judgment.

In their Motion,[1] Defendants contend that Summary Judgment should be granted because: there is a lack of personal and subject matter jurisdiction; there was insufficient process and service; the Complaint fails to state a claim upon which relief can be granted; the claim is frivolous; the claim is time barred; Plaintiff failed to exhaust administrative remedies; and the Defendants have absolute or qualified Immunity.

### II. *Jurisdiction*

■ The summary judgment motions can only be considered if the Court has subject matter jurisdiction. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 16–19, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951). Moreover, dismissal is mandated if subject matter jurisdiction is lacking. Fed.R.Civ.P. 12(h)(3).

■ This is a claim for money damages and a release from federal incarceration against federal officials. Thus, it is a claim against the United States and requires a waiver of sovereign immunity. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The claim, however, was filed in state court without a waiver of sovereign immunity giving the state court jurisdiction. Therefore, this

---

1. Defendant Roytek was not included in the motion but two days later filed a motion adopting the relevant arguments of the Federal Defendants. The motion was allowed.

Court does not have jurisdiction because it cannot acquire derivative jurisdiction if there was no original jurisdiction. *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922).

■ Moreover, even if the Complaint had been filed originally in this Court, jurisdiction would still be lacking. This is because Plaintiff's claim exceeds this Court's $10,000 limit for jurisdiction for a contract claim against the United States. 28 U.S.C. § 1346(a)(2). Thus, the United States Court of Federal Claims would be the proper court to hear the claim.

■ This Court, however, only has to transfer "if it is in the interest of justice." 28 U.S.C. § 1631. Transfer is not in the interest of justice if the Complaint is frivolous and additional adjudication a waste of judicial resources. *Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1000 (Fed.Cir. 1987) ("The phrase 'if in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits."); *Zinger Construction Co. v. United States,* 753 F.2d 1053, 1055 (Fed.Cir.1985). *See also Howitt v. Department of Commerce,* 897 F.2d 583, 584 (1st Cir.), *cert denied,* 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990).

■ According to the Complaint, Defendants breached a contract they all entered into when they swore an oath to support and defend the Constitution when they "conspired with others known and unknown, to deprive [Poole of his] Constitutionally secured rights, through the use of illegal, unlawful and unconstitutional governmental statutes and procedures promulgated between the years of 1933 to 1976." Plaintiff also maintains that later amendments to these statutes are unconstitutional.

Plaintiff contends that there are two governments—peace-time and war-time and that between the years 1933 and 1976 Congress improperly utilized war-time procedure. Plaintiff takes specific exception with the Federal Rules of Civil Procedure and Rule 56 in particular. Unfortunately for Plaintiff, the Federal Rules of Civil Procedure have been upheld as constitutional. *Sibbach v. Wilson & Co.,* 312 U.S. 655, 61 S.Ct. 422, 85 L.Ed. 479 (1941).

More generally, the laws promulgated between 1933 and 1976—including the Rules Enabling Act of 1934—are not all unconstitutional. Thus, there is no basis to Plaintiff's breach of contract theory. Moreover, even if Plaintiff had a valid claim and had initiated proper summons and service, the Defendants still would be entitled to absolute or qualified immunity because they were acting in their official capacities. *See Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (Judges); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (Prosecutors); *Sullivan v. United States,* 21 F.3d 198 (7th Cir.1994) (Defense attorneys); *Walrath v. United States,* 35 F.3d 277 (7th Cir.1994) (Probation Officers). Thus, transferring the case would be a waste of resources and not in the interest of justice.

*Ergo,* this case is dismissed pursuant to Fed.R.Civ.P. 12(b)(3).

SO ORDERED.

CASE CLOSED.