UNITED STATES of America, Plaintiff,

v.

Marc D. ANDRA and Cheryl Andra, Defendants.

No. CV 94–0376–N–EJL.

United States District Court, D. Idaho.

Feb. 5, 1996.

United States Attorney, Boise, Idaho, Jeffrey D. Snow, U.S. Department of Justice— Tax Division, Washington, D.C., for plaintiff.

Marc D. and Cheryl Andra, Hamilton, Montana, pro se.

## MEMORANDUM DECISION AND ORDER

LODGE, Chief Judge.

### Background

Pending before the court in the above-entitled matter is the plaintiff's Motion for Judgment on the Pleadings or in the alternative Motion for Summary Judgment (Dkt. No. 7). Having fully reviewed the record herein, the court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly

aided by oral argument, this matter shall be decided on the record before this court without oral argument. Local Rule 7.1(b).

The plaintiff, the United States government, filed a complaint for declaratory relief and permanent injunction against the defendants, Marc and Cheryl Andra (collectively referred to as the "Andras"). The government alleges that the Andras filed invalid liens in excess of $17 million against the real property of two Internal Revenue Service ("IRS") Special Agents, Mr. Ken Bethke and Mr. Jim Peterson. The government seeks to have the liens declared null and void, removed from the county records and to permanently enjoin the defendants from filing any liens against government employees.

The defendants refused service of process claiming that they are not residents. The court entered an order allowing the government to serve the defendants by publication in accordance with 28 U.S.C. § 1655. The court has reviewed the record and has determined that the defendants were properly served both the complaint and additional pleadings in this case.

The defendants returned the court's order dated August 4, 1995, to the court and stamped on the order "Refused for Cause U.C.C. 3–501." The defendants attached to the court's order a Refusal and a Refusal and Notice of Default and Fraud. These documents were also attached as exhibits to the government's motion for judgment on the pleadings. On December 19, 1995, the court received a document entitled "Refusal of Presentments Fraudulent in Nature" from the defendants. In the Refusals, the defendants claim the court has no jurisdiction over the consensual liens, and that the complaint filed by the United States which the defendants refer to as "presentments" are fraudulent.

The Refusals go on to state that the defendants are not residents, not "individuals" or "persons" as defined in the United States Code, and therefore are not subject to service of process as defined in Federal Rules of Civil Procedure, Rule 4. Furthermore, the defendants claim that they never agreed to become defendants in this matter. The defendants argue that Title 26 of the United States Code was never enacted and, therefore, they are not subject to such statutes. The defendants claim that the liens are consensual liens which are against the IRS agents individually and not in their official capacity and are for the damages suffered by the defendants due to the IRS agents' actions. Finally, the defendants allege that the statements in the government's complaint are fraudulent and the government has no legal recourse or remedy. The court will deem the defendants' Refusals to be their answer to the complaint.

### Standard for Motions for Summary Judgment

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S.C.S. Court Rules, Rule 56(c), Federal Rules of Civil Procedure, (Law.Co-op.1987).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552–53.[1]

---

1. *See also,* Rule 56(e) which provides, in part:
When a motion for summary judgment is made and supported as provided in this rule, an ad-
verse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975) (*quoting First Nat'l Bank v. Cities Serv. Co. Inc.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund,* 882 F.2d 371 (9th Cir.1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Hughes v. United States,* 953 F.2d 531, 541 (9th Cir.1992).

### Summary Judgment Analysis

After having thoroughly reviewed the entire record, the court finds that the plaintiff is entitled to judgment on the pleadings or, in the alternative, for summary judgment in the favor of the plaintiff.

as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The defendants' claims or defenses to the plaintiff's claims are without merit. First, the court has the jurisdiction to decide this matter pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. § 1340 and § 1345.

Second, Title 26 of the United States Code was properly enacted by Congress and signed into law by the President of the United States. The Constitution clearly vests in Congress the power to tax, and power to tax includes power to say what shall be taxed, who shall pay tax, and what the tax shall be. The Internal Revenue Code has been amended over time, but has not been repealed to eliminate Title 26. Moreover, arguments challenging the constitutionality of the tax code have consistently been rejected by the Supreme Court. Therefore, the defendants have failed to establish that the actions of the IRS Special Agents were unlawful or beyond the scope of duties as defined by the Internal Revenue Code and/or applicable regulations.

Third, the defendants' "refusal for cause" is meaningless. The defendants claim they can refuse "presentment" of the plaintiff's complaint pursuant to U.C.C. 3–501. Apparently, the defendants are arguing that § 3–501(2)(c)(ii) is a defense which provides for the defendants' "refusal of payment or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule." The defendants reliance on Chapter 3 of the U.C.C. is misplaced; Chapter 3 of the U.C.C. by its own definitions is only applicable to "negotiable instruments". The complaint filed by the plaintiff is not a negotiable instrument and the Uniform Commercial Code is inapplicable. The defendants do not have the choice of whether or not to be defendants. If properly served, as this court has determined the defendants were, the Andras became parties to this lawsuit whether they wanted to be or not.

Fourth, the court does not recognize the legality of a "consensual lien" which is

U.S.C.S. Court Rules, Rules of Civil Procedure, Rule 56(e) (Law. Co–op. 1987 & Supp.1991).

created simply by one party failing to respond to another party's documents. This is more properly described as a non-consensual lien as the party upon whom the lien is against never agreed to the lien as part of any contract or as provided by any state or federal lien statute. The court can find no legal authority or common law support which would allow or give legal effect to the type of "lien" (consensual or non-consensual) filed by the defendants against the IRS Special Agents.

The court has reviewed the cases cited by the government to support the proposition that the type of lien filed by the defendants against the IRS Special Agents are not allowed and have the effect of harassing government employees and preventing such employees from performing their duties.[2] The court agrees with the opinions in those cases that there are other avenues besides the filing bogus liens for taxpayers to file complaints against employees of the IRS, and that the court cannot condone the filing of any type of liens which are not provided by state or federal lien statutes and which have not been consented to by encumbered party in some form other than failing to respond to the defendants' documents.

Accordingly, the court finds that there exists no genuine issue of material fact to prevent summary judgment from being granted in favor of the plaintiff. The amount of the liens as well as the method used to "create" the liens by the defendants are without support in the law. The court finds that the so-called "liens" recorded against the real property of Special Agent Bethke and Peterson were recorded to harass the IRS agents and have not been shown by the defendants to relate to any legitimate judicially awarded or contractually agreed upon damages against such IRS agents. The court finds that the liens are null, void and of no legal effect and should be released from encumbering the property of the IRS employees. Furthermore, the defendants should be enjoined from filing bogus liens against employees of the IRS.

**ORDER**

Being fully advised in the premises, the court hereby **ORDERS:**

1. That the plaintiff's Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment (Dkt. No. 7) is **GRANTED.**

2. That the "Notice of Default and Claim of Lien" filed by the Andras in the amount of $17,170,163.00 pertaining to Ken Bethke and the identical "Notice of Default and Claim of Lien" filed in the amount of $17,170,163.00 pertaining to Jim Peterson both recorded on March 25, 1994, with the Recorder of Kootenai County, Idaho, are **NULL, VOID AND OF NO LEGAL EFFECT.**

3. That the United States is directed to draft a proposed judgment consistent with this order, and the United States is granted permission to record the court's judgment in this matter with any county clerk and/or recorder.

4. That the defendants, Marc Andra and Cheryl Andra, are permanently enjoined from filing, or attempting to file, any document or instrument which purports to create any non-consensual lien or encumbrance of any kind against (1) any government employee who authorized and/or performed any action in connection with the assessment and/or collection of federal income tax liabilities, and/or (2) any government employee who authorized or performed any action in connection with the enforcement of the internal revenue laws.

5. The court clerk is directed to file as the defendants answer to the complaint, the Refusals received by the court on August 4, 1995, and December 19, 1995.

---

**2.** The court reviewed the following cases: *Ryan v. Bilby,* 764 F.2d 1325 (9th Cir.1985); *United States v. Ekblad,* 732 F.2d 562 (7th Cir.1984); *United States v. Thomas,* 819 F.Supp. 927 (D.Colo.1993); and *United States v. Hart,* 545 F.Supp. 470 (D.N.D.1982), *aff'd* 701 F.2d 749 (8th Cir.1983).