**UNITED STATES of America and Lawrence S. Beaumont, Plaintiffs,**

v.

**Jimmie Dale POOLE, Defendant.**

No. 95–3185.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 27, 1996.

James A. Lewis, Asst. U.S. Attorney, Springfield, IL, for plaintiffs.

Jimmie Dale Poole, Pekin, IL, for defendant.

### *OPINION*

RICHARD MILLS, District Judge:

Poole—an incarcerated criminal defendant—filed a patently frivolous lien.

Such conduct cannot be tolerated.

Summary judgment is granted in favor of the United States.

### I. Background

In 1991, Jimmie Dale Poole was convicted of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) and § 924(e). A few years after the conviction, Defendant Poole filed with the Sangamon County Recorder a "notification of commercial lien" against several individuals involved in the 1991 conviction—namely; United States District Judge Harold A. Baker, United States Attorney J. William Roberts,[1] Assistant United States Attorney Lawrence Beaumont, United States Probation Officer Susan Silver, and Defense Counsel F. James Roytek. The lien is in the amount of $5,000,000 per individual. The

---

1. Roberts is no longer a federal employee.

basis of the lien is a claim that the five individuals breached a "contract" when they participated in the 1991 conviction.

Thereafter, Poole filed a complaint in Sangamon County, Illinois, alleging that the five individuals failed to respond to his lien. Poole sought $5,000,000 and release from prison. The five individuals removed the case to this Court. We dismissed the case for lack of jurisdiction. *Poole v. Baker*, 874 F.Supp. 222 (C.D.Ill.1994). Additionally, we refused to transfer the case—concluding that the lien was completely frivolous. *Id.* at 224.

A few months later, the United States initiated a civil action under 18 U.S.C. § 1345 against Poole seeking a permanent injunction to enjoin a mail fraud—the frivolous lien. *United States v. Poole*, No. 94–3167 (C.D.Ill. March 8, 1995). The Court concluded, however, that the mail fraud was not ongoing, thus, an action under § 1345 was not proper. The United States' motion for summary judgment was therefore denied and the case was dismissed.

Now, the United States and AUSA Beaumont seek a judgment—pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202—declaring that the lien is invalid and an order directing Poole to release the lien.

## II. Summary Judgment—Legal Standard

Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. Discussion

Our analysis begins with a brief discussion regarding subject matter jurisdiction. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345—which provides that "the district courts shall have original jurisdiction of *all* civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." (emphasis ours).[2] *See United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir.1984) ("Congress had vested in the district court jurisdiction over 'any case commenced by the United States.'") (quoting, 28 U.S.C. § 1345).[3]

■ The Court initially expressed some concern regarding the appropriateness of the United States initiating this action, but that concern has been dispelled. As noted by the Seventh Circuit, "[t]he United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions." *Ekblad*, 732 F.2d at 563. The Court believes the

---

2. As noted, the Government seeks a declaratory judgment under 28 U.S.C. § 2201(a). The Declaratory Judgment Act, however, "is not an independent source of federal subject matter jurisdiction, [citation omitted], the district court must possess an independent basis for jurisdiction." *GNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir.1995).

3. The United States also argues that the Court has jurisdiction over AUSA Beaumont's claim

pursuant to 28 U.S.C. § 1331—federal question jurisdiction. The Court, however, does not believe that AUSA Beaumont was required to join as a plaintiff in this action. That is, the United States has standing to prosecute this matter on behalf of *all* five of the individuals involved in the 1991 prosecution. Thus, the Court makes no finding regarding the federal question jurisdiction argument.

instant case falls within the ambit of "actual interference" with governmental functions.

 Indeed, the frivolous lien here was filed against four federal employees as a result of their official duties relating to Poole's 1991 prosecution. The lien was clearly filed in retaliation for the prosecution. Certainly, the United States has an interest in protecting its employees from such blatant forms of retaliatory harassment arising out of actions pertaining to their official duties. Such attempts to torment federal employees due to their participation in the enforcement of federal criminal laws cannot, and will not, be tolerated.[4]

Although Defense Counsel Roytek is not a federal employee, the Court concludes that the United States may also bring this case on his behalf. Roytek, as *court-appointed* defense counsel, was obviously integrally involved in the United States' prosecution of Poole. Thus, the frivolous lien was placed upon him as a result of his role in the federal criminal litigation.

The Court concludes that the United States not only has an interest in protecting its employees from retaliatory harassment arising out of their official duties but also members of the public who are compelled—in this case, as court-appointed counsel—to participate in federal proceedings and are retaliated against for such participation. Because the frivolous lien against Roytek arose out of a proceeding initiated by the federal government which compelled his participation, it would be inequitable to hold that the United States cannot seek to remove the lien on his behalf. Indeed, but for the federal criminal prosecution, Roytek would not be in this position.

---

**4.** There are several cases authorizing the district courts to remove liens filed against Internal Revenue Service employees as a result of their official duties. *See, e.g., United States v. Ekblad,* 732 F.2d 562 (7th Cir.1984); *United States v. Hart,* 701 F.2d 749 (8th Cir.1983); *United States v. Moore,* No. 93–5233, 1994 WL 95217 (10th Cir. March 24, 1994); *United States v. Lutz,* No. 94–5, 1994 WL 542938 (E.D.Ky. July 1, 1994); *United States v. St. Paul,* No. CV–93–1790, 1993 WL 501833 (C.D.Cal. Aug. 30, 1993). The courts unanimously conclude that 26 U.S.C.

## IV. Conclusion

The Court finds that Poole's lien is without a factual or legal basis and therefore is entirely frivolous.

The Court finds that the lien was filed out of retaliation and as an attempt to harass the individuals due to the respective roles each played in the 1991 criminal litigation and prosecution of Poole.

Poole is ordered to immediately remove the lien.

If Poole does not remove the lien, the United States Marshals are directed to remove the lien.

*Ergo,* the United States' motion for summary judgment is ALLOWED.

Case Closed.

---

§ 7402(a)—which explicitly concerns the enforcement of the internal revenue laws—authorizes such action. The fact that § 7402(a) does not apply to the instant case is of no relevance. As noted, § 1345 is the basis of jurisdiction here. And, regardless of whether the federal employees involved are from the IRS or another branch of government, the United States has an interest in protecting its employees from retaliatory harassment motivated by conduct arising out of duties pertaining to their official capacities.