# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-5080**                                    **September Term, 2024**

**1:15-cv-00652-EGS-RMM**

**Filed On:** May 27, 2025

United States of America,

       Appellee

    v.

Taquan Gullett, also known as Gullett-El :
Taquan-Rashe, also known as Maalik Rashe
El,

       Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Wilkins, and Childs, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's March 28, 2024 and August 6, 2024 orders be affirmed.  The district court correctly concluded that the government has standing to seek nullification of appellant's liens and a permanent injunction barring appellant from filing additional false liens.  See 26 U.S.C. § 7402(a) (government may ask district court for relief that is "necessary or appropriate for the enforcement of the internal revenue laws"); Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (stating that standing requires showing of injury in fact, traceability, and redressability); see also United States v. Ekblad, 732 F.2d 562, 563 (7th Cir. 1984).  Additionally, the district court correctly concluded that it had personal jurisdiction over appellant because his purposeful filing of liens in Washington, D.C. constituted "minimum contacts" between appellant and Washington, D.C. such that he should have reasonably anticipated "being haled into court" here.  See Urquhart-Bradley v. Mobley, 964 F.3d 36, 44 (D.C. Cir. 2020) (citation omitted).  The district court also correctly concluded that service was properly effectuated by a person who is not a party to the suit.  See Fed. R. Civ. P. 4(c)(2).  Moreover, appellant has not shown that the district court's delay in

ruling on motions in his related case warrants recusal, and his wholly unsubstantiated allegations regarding financial misconduct do not provide grounds for disqualifying the district court judge.

Appellant has forfeited his remaining challenges to the district court's March 28, 2024 order. Specifically, in his objection to the magistrate judge's report and recommendation, appellant failed to challenge the recommendations related to the nullification of his liens and the issuance of a permanent injunction, and "objections to magistrate rulings are forfeited absent timely challenge in the district court." Government of Rwanda v. Johnson, 409 F.3d 368, 376 (D.C. Cir. 2005); see also D.D.C. Local Rule 72.3(b). Additionally, appellant forfeited any argument about the district court's failure to consider his claims from his related case because he did not raise any such argument in district court. See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal.") (citation omitted).

Finally, the district court did not abuse its discretion in denying appellant's motion for relief from judgment, because appellant has not shown fraud, misrepresentation, or misconduct by an opposing party, or that the judgment is void. See Fed. R. Civ. P. 60(b)(3), (4); see also Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**