Leonard A. PETH, Plaintiff,

v.

Richard BREITZMANN; Sam Carr; Larry M. Phillips; Kenneth F. Dethloff; Kenneth J. Wielinski; J. Wolf; Donald Linskins; R. Bruno; Roy Clark; P.A. McFarland; Corinne L. Hollar; W.M. Sheeley; K.M. Osinga; Joe R. Jaquemai; Joseph P. Stadtmueller; Stephen J. Lisscone; Jeffrey D. Snow; Hennes Erecting Company, Inc.; Wisconsin Associates; John Hennes Trucking Co.; Bronson C. LaFollette; William H. Wilker; Michael Ley; James W. Warner; Clayton J. Rentmeester; Arthur E. Foeste; J.R. Wise; D.W. Richardson; Clayton E. Seth; Susan F. Hagen; Lyle P. Jensen; Fuel Economy Corporate Officer(s); Roscoe L. Eggar, Jr.; United States of America; State of Wisconsin Corporation Counsels and Attorneys; Richard Kotecki; and John/Jane Does 1–500, Defendants.

Civ. A. No. 84-C-1326.

United States District Court, E.D. Wisconsin.

March 22, 1985.

Leonard A. Peth, pro se.

Joseph P. Stadtmueller, U.S. Atty., Stephen J. Lisscone, Asst. U.S. Atty., Milwaukee, Wis., and Jeffrey D. Snow, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants Breitzmann, Carr, Phillips, Dethloff, Wielinski, Wolf, Linskins, Bruno, Clark, McFarland, and Hollar.

William A. Morgan and Bruce R. Meckler, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., for Joe R. Jaquemai, W.M. Sheeley and K.M. Osinga.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a pro se tax protest action under 42 U.S.C. § 1983. Presently before the Court are defendants' motions to dismiss and to quash certain "common law liens" filed by plaintiff, and plaintiff's "demand judgment by default," "demand entry of summary judgment," "demand of of [sic] this Court to stop the injury being performed by John/Jane does [sic] (1 through 500)," "Motions to Service [sic]," "Request That This Action Proceed Under Rules of Criminal Proceedure [sic] Rule (1), Rule (2), Rule (3) and Rule (4)," and plaintiff's "Writs of Mandamus Authority," writs of assistance, writs of attachment, notices of common law liens, "Writs of Quo Warranto," and "Writ of Corpus Delicti and Caveat." Nowhere does plaintiff state a claim for relief. I find the action to be frivolous and to have been brought in bad faith. Therefore, defendants' motions will all be granted, plaintiff's "demands," motions, and requests will all be denied, the action will be dismissed, attorneys' fees will be awarded to the defendants who have requested them, and the government will receive double costs.

Plaintiff has been prolific in his filing of documents with the court. Since this action was filed in late October 1984, plaintiff has submitted no fewer then twelve amended complaints, each complaint adding new defendants. I have reviewed each complaint and the accompanying exhibits, and

nowhere do I find a cognizable claim for relief under federal law.

The original complaint identifies plaintiff as a "Soverign [sic] Citizen" and a resident of the State of Wisconsin. Elsewhere, he alleges that he is a boilermaker by trade. Although the complaint does not expressly identify them, the supporting exhibits disclose that defendants Breitzmann, Carr, Phillips, and Dethloff are Internal Revenue Service ("I.R.S.") officers working in the I.R.S.'s Milwaukee office; defendants Wielinski and Wolf are I.R.S. officers working in the I.R.S.'s Minneapolis office; defendants Linskins and Bruno are I.R.S. officers working in the I.R.S.'s Green Bay, Wisconsin, office; and defendants Clark and McFarland are I.R.S. officers working at the I.R.S.'s Kansas City office. The plaintiff alleges that these defendants (hereafter "the I.R.S. defendants") conspired to deprive him of his property without due process of law. Specifically, he alleges that the defendants knew, or should have known, that he was "at no time required to file or pay and [sic] income tax...." The alleged conclusion that he is not required to pay income tax is based on the alleged fact that he is not "an officer, employee or elected official, of the United States, the District of Columbia, or any agency of the United States or the District of Columbia" within the meaning of 26 U.S.C. § 6331(a). The complaint incorporates by reference a series of exhibits, most of which are copies of correspondence between plaintiff and the defendants, plaintiff's income tax returns for various years, I.R.S. Forms W–2 and W–4, sundry I.R.S. publications, and legal memoranda of plaintiff's authorship.

The I.R.S. defendants moved to dismiss on November 20, 1984. One of the proffered bases for dismissal is plaintiff's failure to allege that he filed a claim for a refund with the I.R.S. However, I find among the exhibits several letters from the defendants informing plaintiff and his spouse that their administrative claims for refunds had been denied and that they would have to file a lawsuit if they wanted

to prosecute the matter further. Thus, it appears that plaintiff has exhausted the administrative claim procedure, even though he has not explicitly so alleged.

■ The second proffered basis for dismissal is that plaintiff has failed to state a claim for relief. With this contention, I agree. Plaintiff apparently thinks that only federal officers and employees are subject to the levy and distraint provisions of § 6331. He is wrong. *See Sims v. United States,* 359 U.S. 108, 112–113, 79 S.Ct. 641, 644, 3 L.Ed.2d 667 (1959).

In addition to his misreading of § 6331, plaintiff labors under several other misapprehensions that prompted him to file this lawsuit. A review of the exhibits appended to the original complaint discloses that this action arises out of the I.R.S.'s collection of income taxes and F.I.C.A. taxes from plaintiff through the withholding mechanism. In the exhibit lettered "C," plaintiff discloses two alternative theories for his contention that the withholding mechanism is unlawful as applied to him.

■ First, he argues that he is not a "person liable" to pay taxes under 26 U.S.C. § 6001. The argument is this: the tax imposed by Title 26, according to plaintiff, is "not unapportioned direct tax," because any such tax "would be in conflict with the apportionment restriction of direct taxes contained in [Article I of the Constitution]." Moreover, he finds that there are no apportioned taxes imposed by Title 26. Thus, any tax under Title 26 must be an indirect tax, that is, a tax upon some right, privilege, or corporate franchise. Plaintiff says he is not a privileged person, nor has he taken any corporate franchise. Therefore, so the argument goes, Title 26 has no application to him.

The argument has no merit. *See* U.S. Const. amend. XVI; *Brushaber v. Union Pacific R. Co.,* 240 U.S. 1, 17–19, 36 S.Ct. 236, 241–242, 60 L.Ed. 493 (1915).

■ Second, plaintiff argues that even if he is a "person liable" to pay income taxes, he has earned no "income." He raises three contentions here. In the first, he states that the income taxes are directed to taxable gain. Because he receives a paycheck for his labor, and because the paycheck is equal to the fair market value of his labor, he argues there is no gain.

No court has ever accepted this argument for the purpose of determining taxable income. Indeed, it has always been rejected. For once and for all, wages are taxable income. *Granzow v. Commissioner of Internal Revenue,* 739 F.2d 265, 267 (7th Cir.1984).

■ Plaintiff's next argument is that he is not an "employee" under 26 U.S.C. § 3401(c) because he is not a federal officer, employee, elected official, or corporate officer. Plaintiff mistakenly assumes that this definition of "employee" excludes all other wage earners.

■ Finally, plaintiff argues that his wages are excluded from withholding under 26 U.S.C. § 3401(a)(8)(B). This section excludes remuneration for services rendered to a nonfederal employer by a U.S. citizen within a United States possession. The argument assumes that Wisconsin is a United States possession. Plaintiff is wrong again.

In sum, plaintiff has failed to state a claim for relief in the original complaint. It will be dismissed with prejudice.

■ The remaining twelve complaints can be treated summarily. In the first amended complaint, plaintiff sues Corinne Hollar, who is a deputy clerk of this court. The reason Ms. Hollar is being sued is that when the original complaint was filed, she prepared summonses providing for a sixty-day answering period pursuant to Fed.R. Civ.P. 12(a). Plaintiff contends that Ms. Hollar's act was tantamount to conferring "Titles of Nobility" on the defendants, and that he has the right to an answer in twenty days.

Ms. Hollar properly gave the I.R.S. defendants sixty days to answer, because they are federal officers. No legal violation occurred here, and thus plaintiff has

failed to state a claim. The first amended complaint will be dismissed with prejudice.

The defendants named in the second, fourth, fifth, sixth, and eighth amended complaints are either officers of business entities who once employed plaintiff, or the business entities proper. These defendants (hereafter "the private defendants") are all alleged to have conspired with the I.R.S. defendants in depriving plaintiff of his property. Review of the exhibits appended to these complaints discloses that plaintiff and his employers have been embroiled in disputes over the propriety of the employer's decision to report plaintiff as having earned "wages, tips, [or] other compensation" on the I.R.S. Form W–2.

■ The Court has reviewed these complaints and exhibits, and finds that the only reason the private defendants are being sued is because they withheld wages from plaintiff for taxation purposes. The law requires them to do this, and they are not liable to plaintiff for the amounts withheld. 26 U.S.C. § 3403. Plaintiff has wholly failed to state a claim for relief against the private defendants, and therefore the second, fourth, fifth, sixth, and eighth amended complaints are dismissed with prejudice.

The third amended complaint was filed shortly after the I.R.S. defendants moved to dismiss. Their motion was signed by Tax Division Attorney Jeffrey Snow and Assistant U.S. Attorney Stephen Liccione for U.S. Attorney Joseph P. Stadtmueller. The third amended complaint adds Messrs. Snow, Liccione, and Stadtmueller as defendants.

The third amended complaint wholly fails to state a claim against these defendants. Plaintiff raises several ludicrous questions in this complaint, such as whether these defendants sought leave of court before entering therein with their "Titles of Nobility." Obviously, the filing of this complaint was merely a petty, vindictive response to the I.R.S. defendants' legitimate effort to defend themselves against a frivolous lawsuit. The third amended complaint is dismissed with prejudice.

The seventh and eleventh (numbered "25") amended complaints name as defendants the Attorney General of Wisconsin, the Wisconsin Commissioner of Revenue, officers of the Wisconsin Department of Revenue, and "corporation counsels and Attorneys" (hereafter "the state defendants"). Neither complaint has been served. Rather, plaintiff "demands" that these complaints be served at the public's expense pursuant to Fed.R.Civ.P. 4(c)(2)(B)(iii). Neither complaint will be served, because neither complaint states a claim for relief under federal law.

■ The following arguments raised in the seventh amended complaint and the supporting exhibits are exemplary of the plaintiffs' claims against the state defendants. First, plaintiff argues that Article I, § 10, of the U.S. Constitution prevents the states from coining money or making anything but gold or silver a tender in payment of debts, and therefore, the State of Wisconsin must accept gold or silver coin, or some other form of tender to be determined by a court, in payment of state income taxes. The short answer to this silly argument is that Article I, § 10, does not limit Congress's power under Article I, § 8, to declare what shall be legal tender for all debts. Congress has declared federal reserve notes to be legal tender for all public and private debts, and this declaration is the supreme law of the land.

■ Plaintiff also argues that he does not have any "income" under Wis.Stat. § 71.10(2)(d), because "natural citizens [sic] wages are not taxable, only the INCOME FROM the source" (plaintiff's emphasis). Once again, plaintiff is wrong. Compensation for labor or services, however the earner might wish to characterize it, is income for the purpose of Wisconsin's revenue laws, and § 71.10(2)(d) expressly so provides. *See also Whitman v. Wisconsin Department of Taxation*, 240 Wis. 564, 4 N.W.2d 180 (1942).

■ Plaintiff argues further that his remuneration is exempt from taxation under 26 U.S.C. § 861(a)(3)(C)(ii), and thus

excludable under 26 U.S.C. § 61 and, by reference, excludable under Wisconsin law. Suffice it to say that if plaintiff wished to avail himself of § 861(a)(3)(C)(ii), he would have to show that his work was done for a foreign office, or an office in a United States possession, of a domestic business entity. He has not alleged this, and it is clear from the record that he performed his work in the State of Wisconsin for Wisconsin employers.

The exhibits appended to the seventh amended complaint are copies of correspondence between plaintiff and the state defendants. Plaintiff's missives contain other legal challenges too frivolous to merit mention. This complaint does not state a claim for relief and will be dismissed with prejudice.

The same can be said for the eleventh amended complaint, in which plaintiff seeks an order that the defendants process his claims for refunds and give recognition to certain "common law liens" he has submitted to the court.

 Insofar as plaintiff requests an order declaring the Wisconsin revenue laws unconstitutional and requiring that Wisconsin make restitution of all tax monies collected from him, this complaint is barred by the Tax Injunction Act, 28 U.S.C. § 1341. Moreover, the claims for refunds are predicated on the same fatuous legal arguments that underlie the seventh amended complaint. They provide no basis for me to order the Wisconsin Department of Revenue to do anything.

The request that I order the defendants to respect these "common law liens" merits special attention, because these "liens" are the subject of a motion to quash filed by several of the private defendants. Plaintiff has from time to time submitted to the court documents captioned "Notice of Common Law Lien" with reference to defendants Carr, Dethloff, Wielinski, Wolf, Bruno, Clark, McFarland, Jaquemai, Osinga, Sheeley, Phillips, Breitzmann, Linskins, Hennes Erecting Company, Snow, Liccione, Stadtmueller, and Hollar. These notices purport to order the particular defendant to hold certain assets as security for the plaintiff in this action, and warns the defendant not to "release" any of the assets until the action is concluded. Thus, these "notices" represent an attempt by plaintiff to encumber the defendants' property pending disposition of this action.

 No liens presently attach to the defendants' property by virtue of this action. Plaintiff has no legal authority to encumber anyone's assets merely by filing this action. Under Wisconsin law, a common law lien exists where a person bestows labor upon an article or does some act with reference to that article, thereby increasing its value. *Moynihan Associates v. Hanisch*, 56 Wis.2d 185, 190, 201 N.W.2d 534, 536 (1972). This, of course, has nothing to do with the present situation where plaintiff simply seeks to freeze the defendants' bank accounts. The so-called "Notices of Common Law Lien" are worthless scraps of paper and have no legal effect. The motion to quash them is granted, and the eleventh amended complaint is dismissed with prejudice.

The ninth amended complaint (numbered "19") adds Commissioner of Internal Revenue Roscoe Eggar, Jr. (hereafter "the Commissioner") as a defendant. The complaint identified the Commissioner as the "prime conspirator" in this action and incorporates by reference the text of a statement on illegal tax protesters that the Commissioner made before a House Subcommittee on June 10, 1981. I have read this complaint and the exhibits, and I find no claim for relief against this defendant. This complaint is dismissed with prejudice.

In the tenth amended complaint (numbered "24"), plaintiff sues the United States. He alleges that certain officers of the United States conspired with and gave aid and comfort to persons conspiring to deprive him of his rights. These officers are defendants Snow, Liccione, Stadtmueller, and Hollar, and also Ms. Carol Shupe, who is a deputy clerk of this court; Sofron B. Nedilsky, the Clerk of Court; and the Honorable Thomas J. Curran, a judge in

this district. Plaintiff complains of the incident respecting defendant Hollar and the sixty-day summons described earlier, and of a previous tax protest action filed in this district, Civil Action No. 83–C–1962, which Judge Curran dismissed on April 10, 1984. Plaintiff also identifies forty-two other conspirators, some of whom have been named as defendants in the other complaints. The plaintiff seeks an order that all the conspirators be criminally prosecuted.

 Plaintiff has failed to allege any facts that would form the basis for a criminal prosecution. Indeed, with respect to those "conspirators" not previously named as defendants, with the exception of Mr. Nedilsky, Ms. Shupe, and Judge Curran, it is impossible to determine just what the conspirators have done to prompt plaintiff to name them in this complaint. This complaint fails to state a claim for relief and will be dismissed with prejudice.

Finally, in the twelfth amended complaint (numbered "22"), plaintiff adds one Richard Kotecki as a defendant. Mr. Kotecki is the Treasurer of the Town of Peshtigo, Marinette County, Wisconsin. This complaint raises once again the silly argument that states are unable to make anything but gold or silver coin tender in payment of a debt. No claim for relief is stated in this complaint and therefore it will be dismissed.

Plaintiff makes a number of "demands," "requests," "questions to court," and motions, all of which are denied.

 This, however, does not end the matter. A considerable amount of time has been spent processing plaintiff's action, and it has been determined to be wholly without merit. Indeed, it is frivolous. No reasonable person could seriously think that, for example, the revenue laws can be avoided, and the government's tax collection efforts can be brought to a standstill, by the contention that wages are not income. Indeed, plaintiff himself must have known this, because his contention that wages are not income for taxation purposes was explicitly rejected by Judge Curran in Civil Action No. 83–C–1962.

Moreover, I find that this action was brought in bad faith, and for the invidious purpose of "getting back" at the I.R.S. and the Wisconsin Department of Revenue. I base this finding on the entire record, and particularly on the "Notices of Common Law Lien," which were obviously submitted to vex, harass, and intimidate the defendants; and the fact that plaintiff threatened, then sued, deputy clerk Hollar, thereby disrupting the orderly functioning of this Court.

As always, the doors of the court are open to persons having colorable claims for relief under the Constitution and the revenue laws of the United States. Yet the First Amendment does not provide a broad license to file frivolous and vindictive lawsuits that harass and intimidate tax collection officials and delay tax collection efforts. Such lawsuits squander the monies of responsible persons who recognize their duty to carry a share of the nation's tax burden. *See Granzow v. Commissioner of Internal Revenue,* 739 F.2d 265, 269–270 (7th Cir.1984). The Constitution is not a toy, and the judicial process is not a game. Because plaintiff has acted irresponsibly in prosecuting this action, a sanction will be imposed.

The Court's authority to impose the sanction derives from Fed.R.Civ.P. 11, which provides in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address....

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension,

modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Defendants Sheeley, Osinga, and Jaquemai have asked for costs and attorneys' fees in their several motions to the court. Procon, Incorporated, has also asked for costs and attorney's fees in its motion to dismiss. Procon has not been named as a defendant, but it has been identified as one of the myriad "conspirators" listed in the tenth amended complaint, and it has been served. It will therefore be treated as a "party" under Fed.R.Civ.P. 11. These requests for costs and attorneys' fees will be granted. The United States has also requested costs in its motion to dismiss. Double costs will be awarded to the government.

### ORDER

IT IS THEREFORE ORDERED that the defendants' motions to dismiss are granted.

IT IS FURTHER ORDERED that defendants' motions to quash the "Notices of Common Law Lien" are granted.

IT IS FURTHER ORDERED that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that the United States be awarded twice the amount of its costs in defending this action.

IT IS FURTHER ORDERED that within fifteen days of the filing date of this order, the defendants W.M. Sheeley, K.M. Osinga, Joe R. Jaquemai, and Procon, Incorporated, shall serve and file affidavits setting forth the attorneys' fees reasonably expended in defending this action.