**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**E. Lavay McKINLEY, Defendant–
Appellant.**

Nos. 93–8075, 93–8111.

United States Court of Appeals,
Tenth Circuit.

May 2, 1995.

Submitted on the briefs: *

E. LaVay McKinley, Littleton, CO, pro se.

David D. Freudenthal, U.S. Atty., and Donald R. Wrobetz, Asst. U.S. Atty., D. of Wyoming, Cheyenne, WY, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

Mr. McKinley, facing criminal prosecution in Wyoming, undertook counter-measures that were (and are) apparently unprecedented in the annals of traditional criminal law. Mr. McKinley filed with the County Clerk of Laramie County, Wyoming, a self-styled "Commercial Just Compensation Customer's Lien" purporting to encumber the property of Mr. Richard Stacy and the Honorable Clarence Brimmer, respectively the prosecuting U.S. Attorney and the presiding judge in his criminal case. While it is a task of no slight difficulty to draw from these documents a cognizable legal basis for the liens, Mr. McKinley apparently intended to secure the assets of Mr. Stacy and Judge Brimmer in contemplation of a planned civil rights action against them.

Shortly thereafter, the United States commenced this suit to have the liens declared "null, void, and of no legal effect" and to enjoin Mr. McKinley from imposing similar liens upon the personal property of government officials. The district court granted the United States summary judgment with respect to all requested relief. Mr. McKinley now appeals to this court to reverse this judgment.

■ To read these documents (the full texts of which are set out in the margin)[1] is

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

1. The form of the lien imposed upon U.S. Attorney Stacy's property is as follows:

1. I, the above cited lien claimant, have an interest in all property and rights to property belonging to Richard A. Stacy. I have an interest in Just Compensation which you are obligated to guarantee. The liens which are filed against you are commercial liens to secure Just Compensation.
2. You are my public servant, and I am your citizen-customer, and pursuant to the Equal Protection of the law I have the commercial power to enforce your specific performance (oath of office) with a Commercial Just Compensation Customer's Lien, called a specific performance lien, guaranteed specifically and expressly by the Fifth Amendment to the U.S. Constitution, regarding Just Compensation.
3. Your relationship to me as a public servant, and your oath of office, give me the consent to file consensual commercial liens against you if and when I find that necessary in order to secure Just Compensation in return for my support of you and your office.
4. Your oath of office and your consequent public responsibility as a public servant, when violated by you, are my commercial authority to file a Just Compensation Lien against you.
5. You have violated your oath of office and/or your consequent public responsibilities as follows:
   A. Has failed to inform me of the true nature and cause of the accusation; that I am in fact being tried under criminal aspects of Admiralty–Maritime Law under an International Contract of Bankruptcy to which I was never a signatory and has failed to produce any foundation instrument bearing my signature.
   B. Has violated my Eight Amendment (U.S. Constitution) rights by blocking my attempts to get reasonable bail set.
   C. has conspired with other perosns (sic) and agents of the U.S. Government and teh (sic) State of Wyoming in the unlawful entrapment, kidnapping, and incarceration of E. LaVay McKinley a Non–Resident Alien to the federal corporate bankrupt United States.

to recognize the fundamental frivolity of the legal tenets espoused therein. We are not familiar with a citizen-customer's authority to exact a consensual commercial lien from a public official,[2] but it is a power that has no mooring in either federal or state law. The liens, in any event, purport to secure assets to which Mr. McKinley would have no legal claim even were his civil rights action to succeed. Federal judges and prosecutors are *absolutely* immune from damages liability under federal or state law for actions taken in performance of judicial or prosecutorial duties. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Van Sickle v. Holloway,* 791 F.2d 1431, 1435–36 (10th Cir. 1986); *Martinez v. Winner,* 771 F.2d 424, 434–38 (10th Cir.), *modified in part on other grounds, reh'g denied in part,* 778 F.2d 553 (10th Cir.1985), *vacated sub nom. on other grounds, Tyus v. Martinez,* 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986). The lien documents filed by Mr. McKinley allege, as the sole basis for pecuniary liability, civil rights violations committed by Judge Brimmer and U.S. Attorney Stacy during Mr. McKinley's criminal prosecution. Irrespective of the merits of Mr. McKinley's allega-

tions, therefore, his claims for damages and, hence, the liens themselves fail as a matter of law. *See Hunt v. Bennett,* 17 F.3d 1263, 1266–67 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 107, 130 L.Ed.2d 55 (1994). Mr. Stacy and Judge Brimmer are therefore plainly entitled to summary relief.

We therefore AFFIRM the decision of the district court to release the liens. We likewise AFFIRM the district court's order enjoining Mr. McKinley from filing similar liens or encumbrances against the property of government officials in the future. *Compare United States v. Ekblad,* 732 F.2d 562 (7th Cir.1984).

We grant the government's request for sanctions on appeal and remand to the trial court for it to determine the proper amount.[3]

AFFIRMED AND REMANDED.

BALDOCK, Circuit Judge, concurs in the result only.

6. Therefore, I have done what any law abiding Citizen must do (42 USC sec 1986) namely, summoned the courage to seize your property with a Fifth Amendment U.S. Constitutional Consensual Commerial (sic) Lien for just Compensation.
7. You are being assessed damages at the rate of $25,000.000 per day, commencing on the 21st day of October, 1992, and continuing each day until E. LaVay McKinley's release from incarceration, which is three times the amount of injury permitted per the R.I.C.O. laws.
8. You will comply with your oath of office and rectify the lien claimant's problem, or you will lose your property.
9. Any attempt by any judge, attorney, or county recorder of any city, county, state, or U.S. government to refuse the filing of, or the attempt of removal of, any valid consensual commercial lien(s) will establish the commercial precedent necessary to invalidate the corresponding power of the city, county, state or U.S. governments to impose commercial tax liens.
COMMERCIAL ADVERSARIES BEWARE!
The lien imposed upon the property of Judge Brimmer differs only in the recitation of charges against him:
5. You have violated your oath of office and/or your consequent public responsibilities as follows:

A. Has failed to inform me of the true nature and cause of the accusation; that I am in fact being tried under criminal aspects of Admiralty–Maritime Law under an International Contract of Bankruptcy to which I was never a signatory, and has failed to produce any foundation instrument bearing my signature.
B. Has repeatedly denied me the right to have the assistance of competent counsel of choice (non barnumber) and forced upon me court-appointed counsel who is entering motions in my behalf against my express will, in violation of the Sixth Amendment of the U.S. Constitution.
C. Has violated my eight (sic) Amendment rights by refusing to set reasonable bail.
D. Has denied me the right to a speedy trial, also in violation of the Sixth Amendment.

2. We are, in any event, at a loss to comprehend how Mr. McKinley, a self-proclaimed "Non–Resident Alien to the federal corporate bankrupt United States," can claim the hypothetical powers of a "citizen-customer."

3. We grant Defendant–Appellant's motion for leave to proceed in forma pauperis.