**UNITED STATES of America, Plaintiff,**

v.

**Bill R. BARKER, Andrei Lee Royster, Jaromir William John, Hugh Dean Mingo, Charles Niles, Charlie T. Janes, Sr., Allen Dale Nowland, Jorge Arturo Borjas Del Cid, Bobby Riley, Jr., and John and Jane Does # 3–10, Defendants.**

### No. CV 298–143.

United States District Court,
S.D. Georgia,
Brunswick Division.

Aug. 26, 1998.

Delora L. Grantham, United States Attorney, Savannah, Ga, D. James Greiner, Dept. of Justice–Civil Division, Washington, DC, for United States of America, plaintiff.

Bill R. Barker, FCI Jesup, Jesup, GA, pro se.

Andrei Lee Royster, FCI Jesup, Jesup, GA, pro se.

Jaromir William John, FCI Jesup, Jesup, GA, pro se.

Hugh Dean Mingo, FCI Talladega, Talladega, AL, pro se.

Charles Niles, FCI Jesup, Jesup, GA, pro se.

Allen Dale Nowland, FCI Jesup, Jesup, GA, pro se.

Charlie T. Janes, Sr., FCI Jesup, Jesup, Ga, pro se.

Jorge Arturo Borjas Del Cid, FCI Jesup, Jesup, GA, pro se.

Bobby, Jr., Jesup, Ga, pro se.

Anthony T. Jones, FCI Jesup, Jesup, GA, pro se.

### ORDER

NANGLE, District Judge.

Before the Court is plaintiff's motion for summary judgment. In an Order dated August 10, 1998, this Court instructed defendants to respond to the motion for summary judgment by 5:00 p.m. Monday, August 17, 1998 in a single, consolidated brief. Defendants filed nothing that was clearly a response to the summary judgment motion.

Despite the fact that defendants have not responded to the Order of August 10, 1998, the Court will construe the following motions to be responses to the motion for summary judgment: [1] (1) The motion to dismiss (filed by defendants Janes, Niles, and Riley) and the motion to vacate and sever (filed by defendants John, Janes, Riley, and Niles) are construed to be these defendants' collective response to the plaintiff's motion for summary judgment. (2) Defendant Barker's motion to sever and "notice to this court, you are absent jurisdiction" is construed to be his response to the motion for summary judgment. (3) Defendant Nowland's answer to the complaint is construed to be his response. (4) Defendant Del Cid's motion to sever and for jury trial is construed to be his response. (5) Defendant Royster has filed no documents. Consequently, he is construed to have joined with every document described above.

### I. BACKGROUND

Defendants are all present or former inmates housed in the Federal Correctional Institution located in Jesup, Georgia. While imprisoned there, defendants filed numerous habeas petitions and lawsuits against their prosecutors, judges, and anyone else they believe to be associated with their convictions and eventually against anyone they believe to have wronged them in some way.[2] As part of these suits or as a reaction to adverse rulings in these suits, defendants began to file so-called "commercial liens" against federal employees. Their theory for the validity

---

**1.** This construction is intended by the Court to give the benefit of the doubt to these pro se defendants. Under the circumstances, this Court feels it is being extremely lenient to these overly litigious and abusive defendants. The alternative to such a construction is to enter summary judgment for the United States pursuant to Local Rule 7.5. Under the circumstances, the Court believes that defendants would rather the case continue to go forward even if limitations are imposed upon their ability to file documents.

**2.** For example, defendant Barker alone has filed 6 such suits in this district alone: CV 291–251, CV 292–30, CV 293–57, CV 297–123, and CV 297–176—all writs for habeas corpus—and CV 298–23—a suit to vacate his sentence under 28 U.S.C. § 2255. Barker began filing liens in this

district in 1997. CV 297–123. Additionally, defendant Nowland admitted that "the 27 people I have in my liens were responsible for me being here either directly or indirectly." Nowland's answer to the complaint filed August 19, 1998, at 4. Defendants John, Janes, Niles and Riley assert that their liens are based on a contract between public officials and American citizens that entitle citizens to sue if the officials violate their public duties. *See* Motion to Vacate and to Sever filed individually by each of these four defendants on August 17, 1998, at 1. Finally, defendant del Cid asserts that his liens are based on the "complete and total disregard for Defendants' Constitutional rights" of the Immigration and Naturalization Service. *See* Motion for Severance and Jury Trial filed August 14, 1998, at 1.

of these liens appears to be a social contract theory, i.e., that public officials have a contract with the public to perform their duties whereupon the public can sue if these duties are not adequately performed.[3] In the ridiculous world of these defendants, any federal official who rules against the defendants or who takes a position adverse to the defendants has breached his duty to the public and therefore can be sued under this mysterious social contract. Consequently, defendants' "liens" have been filed against nearly every high ranking federal official, from President Clinton, both houses of Congress, and the Supreme Court to the prosecutors and judges from defendants' criminal cases and the employees of nearly every federal agency. Defendants have provided no statutory, constitutional, or common law support for the validity of these purported liens.[4]

To protect its employees from further harassment and attempted extortion, the United States filed this suit seeking declaratory and injunctive relief against these defendants on July 31, 1998. A temporary restraining order was entered on July 31, 1998, and a preliminary injunction was entered on August 10, 1998. This motion for summary judgment was filed by the United States on August 10, 1998.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The United States has moved for summary judgment on the grounds that these liens have no basis in law or fact, are filed for an improper purpose, and are impairing the government's ability to properly perform its duties. Defendants' only arguments against summary judgment in this case are that this Court lacks subject matter jurisdiction, that

the "liens" are a protected exercise of the First Amendment right to petition the government for redress of grievances, and that defendants have a right to a jury trial before the validity of these liens can be determined.

Summary judgment is appropriate if there are no genuine issues of material fact and if the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment serves to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R.Civ.P. 56 advisory committee's note, *cited in Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). It is appropriate only when the pleadings, depositions and affidavits submitted by the parties indicate no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A court must view the evidence and any inferences that may be drawn from it in the light most favorable to the nonmovant. *Mercantile Bank & Trust Co., Ltd. v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985).

### A. VALIDITY OF THE "LIENS"

 It is by now established beyond dispute that the United States may request the assistance of Article III courts to protect its officials from attempts at harassment, intimidation, and extortion in the form of "liens" commonly filed by tax protesters and prisoners. Every court to consider the validity of such documents has held them invalid. *See, e.g., United States v. McKinley*, 53 F.3d 1170; 1171–72 (10th Cir.1995); *United States v. Reeves*, 782 F.2d 1323, 1326 (5th Cir.), *cert.*

---

**3.** *See* Motion to Vacate and to Sever filed individually by defendants John, Janes, Niles, and Riley on August 17, 1998, at 1. Apparently this is the theory that defendant Barker also espouses. *See* Affidavit attached to Notice to this Court, You are Absent Jurisdiction filed August 12, 1998, at 1 (alleging that the "lien debtors" have committed treason in time of war and grossly violated their oath of office). *See also* Nowland's answer to the complaint filed August 19, 1998, at 3 (stating that "the liens were filed because the people involved are ignoring their Oath of Office and disobeying both case law and constitutional law"); del Cid's Motion for Severance and Jury Trial filed August

14, 1998, at 1 (alleging that his liens deal with "[c]onstitutional violations instituted by the Immigration and Naturalization Service, and its representatives").

**4.** Indeed, defendants Janes, Niles and Riley practically admit that these liens are baseless by describing them as "NON–STATUTORY, NON–JUDICIAL, NON–SUMMARY DISPOSABLE U.C.C. COMMERCIAL PAPER/LIEN." Motion to dismiss, filed individually by each of these three defendants on August 17, 1998, at 3 (emphasis in original).

*denied,* 479 U.S. 837, 107 S.Ct. 136, 93 L.Ed.2d 79 (1986); *Ryan v. Bilby,* 764 F.2d 1325, 1327 (9th Cir.1985); *United States v. Ekblad,* 732 F.2d 562, 563 (7th Cir.1984) (per curiam); *United States v. Hart,* 701 F.2d 749, 750 (8th Cir.1983) (per curiam); *United States v. MacElvain,* 858 F.Supp. 1096 (M.D.Ala.1994), *aff'd,* 68 F.3d 486 (11th Cir. 1995); *United States v. Thomas,* 819 F.Supp. 927 (D.Colo.1993); *Saenger v. Brown,* 88–2 USTC ¶ 9404, 1988 WL 184863 (D.Ore. May 3, 1988); *Peth v. Breitzmann,* 611 F.Supp. 50, 55 (E.D.Wis.1985); *United States v. Shugarman,* 596 F.Supp. 186, 193 (E.D.Va.1984); *United States v. Van Dyke,* 568 F.Supp. 820, 822 (D.Ore.1983). In particular, the social contract theory of liens espoused by defendants in this case has been held invalid.

> To read these documents ... is to recognize the fundamental frivolity of the legal tenets espoused therein. We are not familiar with a citizen-customer's authority to exact a consensual commercial lien from a public official, but it is a power that has no mooring in either federal or state law.

*United States v. McKinley,* 53 F.3d at 1171–72.

■ Similarly, the defendants' purported liens have no basis in federal or state law. Neither federal nor state law provides that a citizen may file a lien on the property of a public official if the citizen believes that the official has not faithfully fulfilled his or her duties to the public. On the contrary, the strength of our democratic system lies in the fact that such grievances are addressed at the ballot box or through other political activity. Additionally, neither federal nor state law provides that a citizen may file a lien on the property of a public official for alleged wrongs committed by that official against the citizen without the existence of a judgment in the citizen's favor. The citizen must first take his grievance to court, and if he or she wins a judgment against the official *that is not paid,* then and only then may the citizen obtain a judgment lien against the official.

Defendants' method of lien filing, i.e., filing liens whenever the individual feels grieved or wronged by a public official, unduly interferes with the government's ability to perform its duties. Public officials subject to harassing and malicious filings such as the liens at issue in this case cannot effectively perform their duties. Indeed, they may be coerced by such filings into making decisions that are not in the public interest just to avoid the filing of further liens. Consequently, the American citizens at large suffer when our public officials are not able to perform their duties free of harassment and attempts at extortion. Accordingly, all liens filed by the defendants in this case in any federal or state court in the United States are null and void and of no effect.

**B. JURISDICTION**

■ This Court has jurisdiction pursuant to 28 U.S.C. § 1345 as this is a civil action filed by the United States. This Court has venue pursuant to 28 U.S.C. § 1391(b) as this is the district in which the defendants reside and in which the claim arose. This Court has the power to enter a declaratory judgment in this case pursuant to 28 U.S.C. §§ 2201–2202. Defendants' arguments to the contrary are frivolous and have no basis in law or fact, and defendants will be held liable for such violations of Fed.R.Civ.P. 11.[5]

**C. FIRST AMENDMENT**

■ Contrary to defendants' assertion, there is no First Amendment right to harass, intimidate, and attempt to extort federal officials. Similarly, there is no such right to use "liens" with no basis in fact or law to pursue such improper purposes. From the record in this district alone, defendants have already used lawsuits as an attempt to get their way. It was only after their arguments were rejected and they were not released from prison that the liens began to appear on the scene. Defendants obviously consider any decision against them to be a grievance for which they can sue. However, where defen-

---

5. For example, defendants Janes, Niles, and Riley misquote the law when making their arguments concerning jurisdiction. *See* Motion to Dismiss filed individually by each of these defen-

dants on August 17, 1998, at 6 (using an ellipsis to leave out the words "except for," thereby making the exception read as the rule). Such behavior will not be tolerated by this Court.

dants have exhausted all the remedies that due process allows, they cannot turn to terror tactics in an effort to force public officials to change their minds. The First Amendment does not protect such behavior. Defendants' arguments to the contrary are frivolous and have no basis in law or fact.

### D. RIGHT TO JURY TRIAL

 The Seventh Amendment right to jury trial is available only in matters that were historically legal in nature. "In general there is no right to a trial by jury of claims that historically were 'equitable,' such as actions for injunction, specific performance, and the like." [6] Similarly, "[t]here can be no right to trial by jury if there are no issues of fact to be tried." [7] Since the government is seeking equitable relief and since there are no issues of fact to be tried in this case, the defendants have no right to jury trial. This case can and should be decided via summary judgment so that further federal resources are not wasted.

### III. CONCLUSION

 There are no issues of material fact in this case. Defendants' liens have no basis in law or fact. Therefore, plaintiff's motion for summary judgment is granted. An order concerning defendants' abusive, misleading, repetitious, frivolous, and baseless filings in this case will be forthcoming. Despite their pro se status, defendants are subject to Fed. R.Civ.P. 11, and their violations thereof in this case will be addressed by this Court.

Accordingly, based on all the pleadings and evidence submitted in this case,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment is granted. All motions outstanding at the time of entry of this Order are hereby denied as moot.

**IT IS FURTHER ORDERED** that all liens or other instruments filed by defen-

dants in any state or federal court purporting to attach or otherwise affect the assets of any person are invalid, null, void, and of no effect.

**IT IS FURTHER ORDERED** that all such liens or instruments be expunged from the public record or that a copy of this Order be filed with such liens or instruments to give notice of their invalidity. The United States Attorney's Office is directed to forward a copy of this Order to all courts in which such liens or instruments are filed. The United States Attorney may petition this Court for an award of costs for this procedure at the appropriate time.

**IT IS FURTHER ORDERED** that defendants and their agents or any other person acting in concert with defendants be permanently enjoined from filing in any state or federal court any lien or instrument purporting to attach or otherwise affect the assets of any person without prior express written authorization from this Court. Violation of this Order is grounds for the lien or instrument to be discarded or otherwise expunged from the public record and will be considered contempt of this Court.

**IT IS FURTHER ORDERED** that defendants and their agents or any other person acting in concert with defendants be permanently enjoined from giving notice to any "lien debtor" or any other person, credit agency, corporation, or entity of the existence of any lien or instrument, whether filed or unfiled, purporting to attach or otherwise affect the assets of any person, without prior express written authorization from this Court. Violation of this Order will be considered contempt of this Court.

---

6. Charles Alan Wright, Law of Federal Courts, § 92, at 654 (5th Edition 1994).

7. *Id.* at 660.