# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-40163
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT DANIEL DAVIS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-63-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Daniel Davis appeals his jury conviction and sentence under the Assimilative Crimes Act, 18 U.S.C. § 13, for fraudulent filing of a forged financing statement in violation of TEX. PENAL CODE § 37.101(a)(1) (Count One) and fraudulent filing of a false and groundless financing statement in violation of TEX. PENAL CODE § 37.101(a)(2) and (a)(3) (Count Four). He contends that the evidence at trial was insufficient to sustain the jury's verdict. Specifically, he argues that the Government failed to prove that he knowingly violated TEX.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PENAL CODE § 37.101(a)(1) and (a)(3). Because Davis does not specifically challenge the jury's finding that he filed the financing statement knowing that it contained a material false statement in violation of TEX. PENAL CODE § 37.101(a)(2), this issue is deemed abandoned. See United States v. Charles, 469 F.3d 402, 408 (5th Cir. 2006), cert. denied, 127 S. Ct. 1505 (2007).

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Davis knowingly filed a forged financing statement against Assistant United States Attorney Glenn Cook (AUSA Cook), the attorney who prosecuted Davis in his prior criminal proceeding. Davis admitted filing Uniform Commercial Code (UCC) Financing Statement No. 05-0016926059 with the Texas Secretary of State's Office. He also admitted knowing that the signature on the financing statement did not belong to AUSA Cook. Although Davis testified that he was authorized to sign AUSA Cook's name pursuant to the UCC's accommodation party provisions, those provisions are not applicable. See U.C.C. § 3-415. Further, AUSA Cook testified that the signature on the financing statement was not his and that he did not authorize anyone to sign the financing statement on his behalf. Accordingly, the evidence at trial was sufficient to sustain the jury's verdict on Count One.

Further, viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Davis knowingly filed a groundless financing statement with the intent to defraud or harm United States District Judge Sim Lake (Judge Lake), the judge who presided over Davis's prior criminal proceeding. Davis admitted filing Financing Statement No. 04-0072184086 with the Texas Secretary of State's Office. Davis also admitted that he did not know Judge Lake prior to his previous criminal proceeding and that Judge Lake did not owe him any money. Although Davis testified that the financing statement was valid because Judge Lake violated his public duty when he failed to answer Davis's questions, courts have consistently rejected liens against federal employees based on this social contract theory. See United States

v. McKinley, 53 F.3d 1170, 1172 (10th Cir. 1995); United States v. Barker, 19 F. Supp.2d 1380, 1383-84 (S.D. Ga. 1998). Further, Davis admitted that he filed the financing statement, not to protect a valid security interest in Judge Lake's property, but, rather, to force Judge Lake to answer his questions. Moreover, although Davis testified that he did not intend to defraud or harm Judge Lake, he knew that by filing the financing statement, a lien would be placed on Judge Lake's property. Accordingly, the evidence at trial was sufficient to sustain the jury's verdict on Count Four.

Davis also contends that his sentence was unreasonable because it was greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a). He does not challenge the district court's calculation of the applicable guideline range. Further, Davis acknowledges that this court affords a presumption of reasonableness to sentences imposed within the properly calculated guideline range. Nevertheless, he argues that this presumption of reasonableness violates United States v. Booker, 543 U.S. 220 (2005), because it gives undue influence to the guideline range. Davis also argues that the factors used to justify the 144-month statutory maximum sentence were already taken into account by the Guidelines and that the district court did not engage in a significant and meaningful analysis of any mitigation factors. Because Davis did not object to the reasonableness of his sentence in the district court, this court reviews for plain error. See United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007), cert. denied 128 S. Ct. 2959 (2008).

Davis's challenge to the presumption of reasonableness is foreclosed by Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007). Further, the record reflects that the district court considered the Guidelines and the § 3553(a) factors in fashioning an appropriate sentence. Because the district court exercised its discretion to impose a sentence within the properly calculated guideline range, the sentence is presumptively reasonable, and this court may infer that the district court considered all the factors for a fair sentence set forth

in the Guidelines. See Rita, 127 S. Ct. at 2462-70; United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Therefore, Davis has not shown plain error. See Peltier, 505 F.3d at 392.

Accordingly, the district court's judgment is AFFIRMED.